BOARDMAN, Judge.
Harold Graviss, plaintiff below, appeals a final judgment ruling that defendants/ap- *334 pellees Mr. & Mrs. Levan were not given proper notice of a rent increase and that appellant was therefore not entitled to their eviction from his mobile home park. We hold that appellees were properly notified, and we reverse.
Appellees were tenants in appellant’s mobile home park under a written lease expiring December 31, 1977, which provided in pertinent part:
5. Upon reaching the termination date, this lease shall automatically be extended for an additional period of one year and for additional one-year periods thereafter, unless either party shall notify the other party in writing thirty (30) days prior to the expiration date of their intention not to renew .
6. The LANDLORD, in his sole discretion, may raise the amount for any extended term by giving TENANT notice not less than sixty (60) days prior to the expiration of the current lease term. The increased rental rate shall automatically become a part of the extended lease unless the TENANT shall advise the LANDLORD in writing thirty (30) days prior to the expiration of the current term of TENANT’S intention to vacate the premises and not enter into a new term.
Prior to November 1, 1977, appellant’s predecessor in title notified appellees of an increase in rent by means of a copy of a new lease to run from January 1-December 31, 1978, which contained the increases. Appellees received the notice and admitted they were aware of the rent increase, yet they tendered only the amount of rent for January-March 1978 which would have been due under the 1977 lease.
In March 1978, appellant filed a complaint against appellees seeking to have them removed from the mobile home park for failure to pay the full rent due. Appel-lees admitted all the facts.set out above, but alleged as an affirmative defense and counterclaim that the lease violated Article I, Section 2, Florida Constitution. They did not assert insufficiency of the notice in their answer, although they did deny that all conditions precedent to appellant’s cause of action had been performed.
The trial court ruled that the method of notice did not “comply with the contract [presumably the 1977 lease]” and denied the relief sought.
Assuming that the issue of sufficiency of the notice was properly raised,[1] we see no basis for the trial court’s ruling. The 1977 lease set forth no particular form for the notice. Paragraph 6 of the lease requires only that notice be given 60 days prior to the expiration of the current lease term.
Section 83.784(3), Florida Statutes (1977)[2] also requires that notice be given of any rent increase to tenants in a mobile home park. However, appellant also met the requirements of this statute. The statute requires only that notice be in writing and that it be given by November 1 of the year preceding the year in which the rent increase will take effect.
The only purpose of requiring 60 days notice of a rent increase is to give the tenant an opportunity to find other accommodations if he is unwilling or unable to pay the increased rent. It is undisputed that the notice given fully apprised appel-lees of all changes which effectively increased their rent. They understood it; they simply did not like it and refused to pay the increase. Appellees had ample opportunity to find another mobile home park charging lower rent, but refused to avail themselves of this option.
*335 Since the required notice was given and since appellees were not prejudiced by any purported deficiency in its wording, the trial court erred in refusing to find in favor of appellant.
Accordingly, the final judgment is REVERSED and the cause REMANDED with instructions to enter final judgment in favor of appellant.
GRIMES, C. J., and RYDER, J., concur.

. We have some doubts as to whether this issue was properly raised, but in light of the result we reach here, we need not decide this question.

. Section 83.784(3) provides:
As of November 1 of each year, every mobile home park owner shall notify each tenant of a dwelling unit in the park whose rental agreement or service charge will be subject to negotiation and will be increased in the succeeding year of such fact and the amount of all proposed increases. No rental or service charge increases shall be allowed unless properly noticed in writing as provided in this subsection.